**Ahsan RAZA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73097.

Agency No. A95–296–093.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted March 8, 2006.*

Decided March 16, 2006.

Sabbir Ahmed, Esq., Law Offices, Los Angeles, CA, for Petitioner.

CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Stacy C. Gerber, U.S. Attorney Office, Milwaukee, WI, for Respondent.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Ahsan Raza, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Raza contends he was persecuted as an active member of the Muslim League ("ML") political party. We dismiss in part and deny in part the petition.

We lack jurisdiction to review the IJ's determination that Raza's asylum application was untimely. See 8 U.S.C. § 1158(a)(3); see also Ramadan v. Gonzales, 427 F.3d 1218, 1221–22 (9th Cir. 2005). Therefore, we dismiss the petition as to the asylum claim.

We have jurisdiction pursuant to 8 U.S.C. § 1252 over Raza's withholding of removal and CAT claims, and we deny the petition. The IJ's adverse credibility finding is supported by substantial evidence, and the IJ properly denied withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003). In addition, Raza has not demonstrated that it is more likely than not that he would be tortured if returned to Pakistan. See id. at 1156–57 (denying petitioner's CAT claim because it was "based on the same statements ... that the BIA determined to be not credible").

To the extent that Raza contends that the IJ should have continued the hearing so he could secure counsel, we reject this contention. See Baires v. INS, 856 F.2d 89, 91 n. 4 (9th Cir.1988). The IJ had already granted Raza at least three continuances to obtain counsel.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.